John T. Casey, J.
The plaintiff’s motion for a preliminary injunction was denied by a Special Term of this court on March 31, 1975 and the main action for a permanent injunction transferred to this term for an immediate trial, which was held on April 17, 1975 before me without a jury.
The plaintiff contends that the defendant, as the Director of the Real Property Tax Service Agency of Albany County, interrupted and interfered with her effort to sell certain county properties at public auction by attempting to sell the same properties at the same time and place, under color of his official title, in disregard of the plaintiff’s superior right to conduct such sales as the Chief Fiscal Officer of the County (County Law, § 550, subd 1). She further claims such right to sell because former county treasurers had exercised the same power. Thus, the plaintiff requests this court to permanently enjoin any attempt by the defendant to sell county properties on his own, except insofar as such efforts on his part aid and assist her.
This court finds from the trial evidence that the plaintiff’s right to sell the property was seriously disputed and threatened by the words and actions of the defendant in his official capacity at the last sale held. Whether he could do so legally, depends on which of the parties has the paramount power to conduct such sales.
It must be emphasized that all of the properties involved here are not properties which are being sold for delinquent taxes under article 10 or article 11 of the Real Property Tax Law. If that were the case there could be no doubt of the superior right of the county treasurer. But it is not. All of the properties involved here had already been acquired by Albany County as the result of previously held tax sales — most, if not *1027 all, of which were conducted long before the plaintiff was elected to office. As such they must be considered county properties and the county owns them proprietorially and can continue to hold them, sell them or lease them pursuant to the provisions of section 215 of the County Law, or otherwise dispose of them at such times and upon such terms as shall be determined by the County Legislature, with or without advertising for bids, subject only to ultimate approval by a majority vote of that body (Real Property Tax Law, § 1166); and (it has been held) the wisdom of such sales is for the governing body to determine and not the courts. (Van Curler Development Corp. v City of Schenectady, 59 Misc 2d 621.)
Unfortunately, however, the County Legislature has not designated anyone as its agent for the purpose of selling such properties. What it has done since 1945, at least, was to permit the Bureau of Tax Delinquencies, which it then created under the control and supervision of the county treasurer, to conduct such sales, and by appropriate resolution the county treasurer was authorized to sell such properties every time the occasion arose and the sales were then approved and confirmed by the County Legislature. (Real Property Tax Law, § 1166.)
It would have been easy and permissible for the County Legislature to cease this practice and substitute another by appropriate local law. The simple fact is it did not do so. The only contradictory or restrictive action ever taken in regard to this practice was taken after the State Legislature enacted sections 1530, 1532, 1534 and 1536 of the Real Property Tax Law in 1970 which permitted the creation in counties similar to Albany of a Real Property Tax Service Agency. By Local Laws, 1972, No. 1 of the County of Albany which attempted to effect this legislatuion in Albany County, however, no more was done than to create this agency "in accordance with the State Legislative mandate”. Nowhere were the duties of the director of such agency more specifically designated or defined by local law than they were by the State Legislature in section 1532 of the Real Property Tax Law. In that section, and specifically in subdivision 3, the director of the agency was given the power, when authorized by resolution of the county legislative body to: (a) assist in the disposition and sale of real property acquired by the county as a result of tax sale. Considering Local Laws, 1972, No. 1 of the County of Albany as an authorization and delegation of that power to this *1028 defendant as the appointed director, the extent of the power granted must be determined. It is noted that the State Legislature gave the defendant director the right only "to assist” in such sales. It is impossible, therefore, for the County Legislature to expand his power and authority "to conduct” the sales themselves at least on his own when his conduct would not be "assistive” but rather "conductive”. If the State Legislature wanted such sale to be "conducted” by the director the duty delegated would be "to conduct such sales”. Because it was the office of the county treasurer since 1947 that has conducted the sales and because that power has never been abrogated, altered or abridged by any appropriate legislation, this plaintiff as county treasurer, had the right to assume that she was still the authorized officer as far as the sale of properties that had been acquired by the county as the result of tax sales is concerned; and the County Legislature by past performance and by its failure to substitute another, had every reason to expect that the county treasurer would act in such capacity. The failure to designate otherwise has created a great deal of confusion as to the respective rights and duties of these two parties. Since the defendant is alleged to have attempted interference in the very few sales held since January, 1975 this court is reluctant to grant the plaintiff such drastic relief as a permanent injunction. This court feels that the confusion over the scope of their respective duties was mainly responsible for the controversy.
Therefore, under the power of CPLR 103 (subd [c]) I have converted the action appropriately to one for a declaratory judgment and declared what I believe to be the rights of the respective parties. But until the County Legislature designates otherwise, if this defendant attempts to do more at any future sale of such county properties than "to assist” the county treasurer in the conduct of those sales, injunctive relief will be summarily granted by this court and suitable penalties imposed for any violations thereof.
It is so declared and the plaintiff may submit her judgment to that effect.